# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br>**Monica L. Matthew,**<br><br>**Debtor.** | **Bankruptcy Case<br>No. 16-40976** |
| **Gary L. Rainsdon,<br>Chapter 7 Trustee,**<br><br>**Plaintiff,**<br>vs.<br>**Monica L. Matthew,**<br><br>**Defendant.** | **Adv. Proceeding<br>No. 17-08001-JDP** |

## MEMORANDUM OF DECISION

Appearances:

Gary Rainsdon, Chapter 7 Trustee, Plaintiff.

Ryan Farnsworth, Idaho Falls, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION – 1

### *Background and Facts*

In the pending motion, Defendant Monica Lynne Matthew asks the Court to set aside the "Default Judgment Denying Discharge" entered against her on February 27, 2017. Dkt. No. 12. Plaintiff Gary Rainsdon, the chapter 7 trustee in Defendant's bankruptcy case, objects to this request. Dkt. No. 17. The Court conducted a hearing on Defendant's motion on April 26, 2017. After taking the issues under advisement, the Court concludes Defendant's motion should be denied.

The relevant facts are straightforward. Defendant fell behind in her home mortgage payments and, via the internet and phone, enlisted the services of a California debt relief company to help her negotiate a loan modification with the lender. After paying the company a hefty fee, but not yet having achieved a modification, Defendant became concerned about the looming foreclosure sale on her house. Acting on the legal advice she received from a woman at the debt relief company who represented that she was an attorney, and though Defendant denies she really wanted to do so, on October 18, 2016, Defendant filed a chapter 7

MEMORANDUM OF DECISION – 2

bankruptcy petition to stay the foreclosure until the modification could be finalized. Plaintiff was appointed to serve as trustee.

In the days and weeks that followed, the Clerk and Plaintiff sent various notices and orders to Defendant about, among other things, her need to file completed financial schedules in the bankruptcy case; to attend a § 341(a) creditor's meeting; to file and turn over tax returns and refunds; and to communicate with, and provide financial and other information to, Plaintiff. Defendant testified that, upon receipt of these notices and orders, she again sought the California lawyer's advice. This time she was told to ignore the notices and orders, because doing so would result in the dismissal of her bankruptcy case, which was an acceptable result for Defendant given that the foreclosure sale had been stopped and because a mortgage modification had been negotiated with the lender.

Frustrated by being ignored by Defendant, and unable to administer the bankruptcy case, Plaintiff commenced this adversary proceeding on January 13, 2017, asking the Court to deny Defendant's bankruptcy discharge under § 727(a)(4)(D) for withholding books, records and other

MEMORANDUM OF DECISION – 3

financial information from a trustee; under § 727(a)(6)(A) for failure to obey orders of the bankruptcy court; and § 727(a)(11) for failure to take and complete the required post-bankruptcy financial management course.  Dkt. No. 1.  When, after being served with a copy of Plaintiff's complaint and a summons, *see* Dkt. No. 4, Defendant failed to respond, Plaintiff applied for entry of Clerk's default, which request was granted, Dkt. Nos. 7 and 9, and moved for entry of a default judgment, Dkt. No. 5.  A default judgment denying Defendant's discharge was entered on February 27, 2017.  Dkt. No. 11.

After entry of the default judgment, in early March, Plaintiff actually visited with Defendant at her home, at which time he inquired about why she had failed to fulfill her debtor-responsibilities or to even respond to the various notices and orders she had received; he encouraged her to promptly do so.  He also told Defendant, that despite her intransigence, her bankruptcy case would not "go away", and that, if necessary, Plaintiff would consider asking the Court to order the U.S. Marshal to bring her to the next scheduled creditor's meeting.

MEMORANDUM OF DECISION – 4

Apparently impressed by what she learned from this conversation, Defendant only then contacted Idaho bankruptcy counsel. With his help, Defendant's verified motion to set aside the default and default judgment was filed on March 9, 2017. In the motion, and in her testimony at the motion hearing, Defendant attempted to explain that her predicament (*i.e.,* in bankruptcy, but denied a discharge) was the result of her naive reliance upon the California debt relief lawyer, who persuaded her to brush off her bankruptcy duties in anticipation that the case would be dismissed as a result. She tearfully explained that, with the more appropriate counsel of her Idaho bankruptcy lawyer, she was willing to "appear at the Meeting of Creditors, file complete and accurate schedules, and fully cooperate with [Plaintiff] on all matters." Defendant's Motion to Set Aside Judgment Denying Discharge at 2, Dkt. No. 12.

On April 22, 2017, Plaintiff filed an objection and brief in opposition to Defendant's motion. Dkt. No. 17. In it, he noted that Defendant had, finally, appeared at a creditor's meeting on March 27, but that due to his need for financial information from her, he had continued that meeting so

MEMORANDUM OF DECISION – 5

she could provide additional documents and details for him. Though he now had her attention and, hopefully, cooperation, Plaintiff nonetheless opposed Defendant's request to set aside the default judgment denying her discharge because, as he put it, "At this late time, after receiving so many notices [and orders], and so many warnings regarding the penalties for noncompliance, [Defendant] should not be excused from the consequences by claiming that she did it on advice of counsel." *Id*. at 6. In Plaintiff's view, Defendant was "culpable" and had caused her own problems by her unreasonable neglect of her duties. Plaintiff also argued that, other than the "advice of counsel" excuse, Defendant had offered no potentially meritorious defense to Plaintiff's allegations in the complaint, even if the judgment were set aside. *Id.* at 6-7. Finally, Plaintiff noted that, even six weeks after filing the motion to set aside the default judgment, Defendant had yet to fully cooperate with his requests for information, or to file fully accurate schedules, and that her repeated delays in doing so was prejudicial to creditors and to Plaintiff, who was eventually required to pursue the discharge objection. *Id*. at 7.

MEMORANDUM OF DECISION – 6

*Analysis and Disposition*

Defendant asks the Court to set aside its default judgment denying discharge entered against her. Plaintiff objects, arguing that Defendant has not shown adequate cause to do so. The Court agrees with Plaintiff; Defendant's motion will be denied.

The bankruptcy court may set aside a clerk's default "for good cause" under Fed. R. Bankr. P. 7055 and Fed. R. Civ. P. 55(c). The court may grant relief from a default judgment in accordance with Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b). The "good cause" standard applicable to vacating an entry of default is the same standard governing vacating a default judgment under Fed. R. Civ. P. 60(b). *Franchise Holding II, LLC, v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)); *Ultrasonics, Inc. v. Eisberg (In re Ultrasonics, Inc.)*, 209 B.R. 856 (Bankr. D. Idaho 2001).

Rule 60(b)(1) allows relief from a judgment or order when the moving party establishes "mistake, inadvertence, surprise or excusable neglect . . . ." In deciding whether to grant relief under this provision, the

MEMORANDUM OF DECISION – 7

court must examine three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant had a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff. *Franchise Holding,* 375 F.3d at 926; *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 388 (9th Cir. BAP 2004); *Hammer v. Drago (In re Hammer)*, 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir. 1991). These factors are disjunctive, meaning that the bankruptcy court may properly deny the motion and refuse to grant relief if any one of the three factors are satisfied. *Franchise Holding*, 375 F.3d at 926. As the moving party, Defendant bears the burden of demonstrating these factors favor vacating the default judgment. *Knoebber*, 244 F.3d at 696; *Peralta*, 317 B.R. at 388. "The determination as to whether a default . . . shall be set aside rests in the sound discretion of the trial court." *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (citations omitted).

The concept of "culpability" for these purposes is consistent with the definition of "excusable neglect," and entails such considerations as "prejudice to the debtor, the length of the delay and its potential impact on

MEMORANDUM OF DECISION – 8

judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Peralta*, 317 B.R. at 388 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). *See also Franchise Holding*, 375 F.3d at 926 (explaining that the concept of excusable neglect overlaps with the issue of culpability, and that there is no reason to analyze these criteria separately). "Excusable neglect" is an elastic notion, equitable in nature, and there are no per se rules. *Pincay v. Andrews*, 389 F.3d 853, 854—59 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 1726 (2005).

In considering whether a movant has shown a potentially meritorious defense, the movant's factual assertions are accepted as true, but "mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense" are insufficient to justify upsetting the underlying judgment. *Hammer*, 112 B.R. at 345 (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). *See also Franchise Holding*, 375 F.3d at 926 (holding conclusory statements were insufficient to justify vacating a default judgment).

MEMORANDUM OF DECISION – 9

Defendant failed to carry her burden of showing good cause to set aside the default and default judgment in this case. Here's why.

First, it was the Defendant's culpable conduct that directly resulted in the entry of the default judgment denying her a discharge. Defendant filed the bankruptcy case, not to treat her creditors fairly and to obtain the relief provided by a discharge, but solely to stop a lender from foreclosing on her house. After she filed, Defendant consciously chose to ignore notices and orders received from the Court and Plaintiff attempting to obtain her compliance with her duties as a debtor in bankruptcy. Defendant's scheme to manipulate the bankruptcy laws for her own purposes was inappropriate and can not be countenanced. Simply put, Defendant's motives were flawed, and her current predicament was the result of her own knowing decisions, not events beyond her control.

Next, Defendant offers the Court no viable defense to Plaintiff's complaint if the default judgment were vacated other than that her actions were undertaken upon advice of counsel. "Generally, a debtor who acts in reliance on the advice of his attorney lacks the intent required to deny him

MEMORANDUM OF DECISION – 10

a discharge of his debts." *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1343 (9th Cir. 1986) (citing *Hultman v. Tevis*, 82 F.2d 940, 941 (9th Cir. 1936). However, the debtor's reliance must be in good faith. *Id.  See Hultman*, 82 F.2d at 941.

Here, the Court concludes that Defendant did not act in good faith in accepting the advice of the California debt relief lawyer, rather than consulting a licensed, Idaho bankruptcy lawyer.[1] As it turned out, the California lawyer's advice was unreliable, especially in predicting the outcome of a bankruptcy case in Idaho. Defendant seems to be an intelligent person, and in the Court's view, she should have realized, if not to begin with, after receipt of the summons and complaint in this action, that the California lawyer's recommended strategy for dealing with the

---

[1] At the hearing, Defendant testified that the California lawyer told her that the lawyer was not able to give her "bankruptcy advice", but nonetheless undertook to do just that. The lawyer was likely acting inappropriately in suggesting that Defendant file an Idaho bankruptcy case, *pro se*, without a better understanding of Defendant's situation. The lawyer was downright wrong to recommend that Defendant then ignore the notices and orders she was receiving. The Court hopes Defendant, Plaintiff and the U.S. Trustee all follow up in addressing what appears to be the irresponsible, and perhaps, sanctionable, conduct by that lawyer.

MEMORANDUM OF DECISION – 11

bankruptcy case was ill-founded. The case law in this Circuit is clear that a debtor may not blithefully rely upon advice of counsel in a bankruptcy case to avoid the consequences of violating the Code, Rules or orders of the Court. In other words, if the default judgment were to be set aside, under these undisputed facts, Defendant's "advice of counsel" defense would not insulate her from loss of her discharge.

In addition, Defendant's bad decisions and questionable tactics have caused prejudice. Plaintiff, as a hard-working trustee assigned to hundreds of cases, has been required to devote his efforts and time to compelling Defendant's compliance with the Code, Rules and orders of the Court. As a result of Defendant's apathy, Plaintiff has been unable to administer her bankruptcy case. Creditors have been inconvenienced by the pendency of a bankruptcy case wherein Defendant refuses to provide them with the information they need about her financial affairs for them to know their rights and protect their interests. And it can not be gainsaid that the integrity of the bankruptcy system is at risk when debtors seek to game the process.

MEMORANDUM OF DECISION – 12

Finally, Defendant's strategy in this case continues to perplex the Court. She testified at the hearing that, given the mortgage modification, she can likely deal with her other debts and does not really need a discharge. Even so, she asks the Court for relief to avoid what she perceives will be an adverse affect on her credit report, not just for filing for bankruptcy, but because she was denied a discharge. This explanation for her motion is not persuasive under these circumstances. Moreover, Plaintiff reports that Defendant has still not fully complied with her duty to provide him information about her financial affairs. Under these facts, Defendant is not entitled to a discharge.

## *Conclusion*

Defendant has not shown good cause to obtain relief from the default judgment denying her discharge. The motion will be denied by separate order.

///

///

MEMORANDUM OF DECISION – 13

Dated: May 10, 2017

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 14